**Cite as:  Opinion No. 94-019 (March 31, 1994) (Unpublished)**

**LEGISLATIVE IMMUNITY ) COUNTIES ) HOWARD COUNTY COUNCIL MEMBERS ARE ABSOLUTELY IMMUNE FROM SUIT FOR ACTIONS TAKEN AS PART OF LEGISLATIVE PROCESS**

March 31, 1994

*The Honorable C. Vernon Gray*
*Chairperson, County Council*

The County Council has requested our opinion on the Council's authority to adopt a resolution urging businesses to voluntarily limit the placement of cigarette vending machines and encouraging citizens to support those efforts.  The Council's desire for legal guidance results from a suit brought by a cigarette vending machine company when the Council was prepared to consider such a resolution previously.  The suit, which has since been withdrawn, sought damages from individual Council members for alleged antitrust violations and tortious interference with contract.

In a carefully researched and ably presented opinion, the County Attorney concluded that the County Council may pass a resolution expressing the opinion or views of the Council on any subject and that, even if the resolution were allegedly unlawful in some respect, members of the Council are absolutely immune from suit for actions that they took in the consideration and enactment of the resolution.  Opinion of the County Solicitor No. 94-01 (March 28, 1994).

We have reviewed the authorities cited in the County Solicitor's opinion, a copy of which is attached, and concur entirely with its analysis and conclusion.  In our view, the suit that prompted this request for an opinion was an unwarranted effort to intimidate Council members from taking a legislative action that they had every right to take.  Because the State has a vital interest in protecting the members of the General Assembly against similar intimidation, if a suit of this kind is brought in the future, this office will seek to participate in the case in support of the Council members.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*